### SARAH ANN McINTOSH et al. vs. ALEXANDER et als.

1. A bill is multifarious, which unites a joint claim against several defendants, and a separate claim against one alone, with which the others have no connection.
2. The general rule is, that a demurrer for multifariousness, like a demurrer for a misjoinder at law, goes to the whole suit, and if sustained, the bill should be dismissed, and not made the ground of partial relief.
3. If there be cases in which an amendment should be allowed, after a demurrer for multifariousness is sustained to a bill, the application to amend must be made in the court below.

Error to the Chancery Court of Montgomery. Before the Hon. Jos. W. Lesesne, Chancellor.

The bill in this case was filed by the plaintiffs in error, and alleges that Elizabeth McIntosh, the mother of one, and the grand-mother of the other complainants, was possessed of a large personal estate, consisting of slaves, which in 1835, she devised by will to John McIntosh, deceased, then the husband of complainant, Sarah Ann McIntosh, and Florella Wright, her daughter; that the portion devised to John McIntosh was given to him for and during his natural life, and to the said Sarah Ann and her children after his death; that the slaves were divided between the said John McIntosh and the said Florella Wright, after the death of the testatrix; that Christopher H. Taylor sold to John McIntosh a tract of land in Marengo county, and induced the said John to execute a deed of trust on said slaves to Asa Robinson to secure the purchase money; that a short time after this, the said Taylor prevailed on the said John to deliver up to him the bond which he had executed for title to the said land; that John McIntosh was very intemperate, and from that cause was incapacitated, at the dates of these several transactions with Taylor, from attending to business, and was imposed upon and defrauded by Taylor; and that complainants, finding that the slaves were likely to be seized by said Robinson and sold under the deed of trust, removed them to Dale county, where Abram Warren and Benjamin Adams, combining with Taylor and Robinson, all of whom

had notice of the will, took possession of and removed a number of the slaves, and have sold or converted them to their own use. The bill also alleges, that one Asa Alexander, pretending friendship to said John McIntosh, likewise combined with Taylor, Robinson, Warren and Adams to obtain possession of other of the slaves and to sell and dispose of the same, so as to place them beyond the reach of complainants; and that subsequently the said Alexander executed to complainant Sarah Ann a paper, by which he covenanted to deliver to her certain of the slaves, but that he has since converted them to his own use, and refused to deliver them. The bill prays that Taylor, Robinson, Warren, Adams and Alexander be made defendants; that Taylor, Robinson, Warren and Adams be decreed to deliver up to complainants such of the slaves as they have in possession, and account for those they may have disposed of; and that Alexander be decreed to deliver up those named in the instrument executed by him to the complainant Sarah Ann, or to pay their value, &c. A decree *pro confesso* was taken against all the defendants except Alexander, who answered the bill and demurred to it for multifariousness. At the final hearing, the Chancellor sustained the demurrer, and dismissed the bill on that ground, which is now assigned as error.

T. & J. WILLIAMS, for plaintiffs in error:

1. The bill, seeking to subject the slaves under the will of Elizabeth McIntosh, and also under an express agreement and written covenant to deliver said slaves to complainant, the devisee in remainder under the will of E. McIntosh, is not multifarious. 12 Ala. N. S. 370, Heirs of Holman v. Bank of Norfolk; *vide* p. 409.

2. An agreement to surrender property to wife is good. Sledge, Exr. v. Clopton, 6 Ala. N. S. 589.

BELSER & HARRIS, for defendants:

1. There is no equity in the bill. If there has been a conversion of the negroes by Alexander, the complainants have a clear and adequate remedy at law. They could sue Alexander for the money which he received for the negro sold, or maintain an action against him for disposing of the negro so as to defeat the remainder.

2. The bill is multifarious. It seeks to set aside a contract made between McIntosh and Taylor, for the sale of lands, on the ground that Taylor had no title to the lands and cheated McIntosh in the sale, and on the further ground that Alexander and the other defendants have converted the negroes to their own use; and prays that the said defendants account for the negroes which they have severally sold.

3. The bill is defective in its allegations, and does not on its face present a case on which the complainants are entitled to relief. It seeks to charge Alexander, on a written contract, to deliver certain negroes when he is paid certain sums of money. There is no allegation that the money has been paid to him, or of an offer to pay it.

DARGAN, J.—This bill is clearly multifarious. It charges a fraudulent combination between all the defendants in obtaining possession of the slaves, and prays that they deliver up such as they still have in their possession, and account for such as they have sold. It then sets out a contract by which Alexander alone undertook to deliver to Mrs. McIntosh certain slaves, which he has failed to do, and prays separate relief against him, that he deliver them up, or account for their value.

Where a joint claim against several defendants is united in the same bill with a separate claim against one defendant alone, with which the other defendants have no connection, the bill is multifarious. Story's Pl. § 284, p. 315; Boyd v. Hoyt, 5 Paige, 65. Here the bill seeks relief against all the defendants—first, for a joint tort, and then against Alexander alone, to enforce a contract with which the other defendants have no connection whatever.

The demurrer of Alexander was properly sustained. But as the other defendants did not answer the bill, and a decree *pro confesso* was taken against them, the question is presented, whether the bill should have been dismissed against all. The general rule is, that a demurrer for multifariousness, like a demurrer for a misjoinder at law, goes to the whole bill, and if sustained, the bill should be dismissed, and ought not to be made the foundation of partial relief. Gibbs v. Claggett, 2 Gill. & Johns. 14; Johnson v. Anthony, 2 Moloy, 373; Boyd v. Hoyt, 5 Paige, 65.

If there be cases in which an amendment should be allowed after a demurrer is sustained for multifariousness, certainly the application to amend should be made in the court below, and if not made there, it cannot be objected in the appellate court that the bill could be amended. I have not been able to find a case in which an amendment has been allowed after the demurrer was sustained, when the ground of demurrer was the improper joinder of distinct and separate grounds of equitable relief against several defendants, who were not in any manner connected with each other; and as this bill seeks relief against Alexander alone upon a contract, and against all the defendants for a joint tort, there was no error in dismissing the bill as to all. Let the decree be affirmed.

CHILTON, J.—I am of opinion, the bill should have been dismissed, so far as it seeks relief predicated upon the alleged contract between Mrs. McIntosh and Alexander, but not as to the other defendants, who submitted to the jurisdiction, and were in contempt for not answering. Besides, I see no good reason for departing from the practice, more than once indicated by the decisions of this court, of permitting the complainant, in cases like this, to dismiss as to the separate, and proceed as to the joint cause of action. Such amendments save cost and unnecessary delay, and I think are fully authorised by our peculiar mode of proceeding in uniting the demurrer with the answer, and by the liberality with which amendments are allowed by our statute. Dig. 351, § 37; Marriott & Hardesty v. Givens, 8 Ala. Rep. 694; Hunley v. Hunley, at the last term.