# Sullivan *v.* Lawler.

*Bill in Equity by Distributees, against Administrators and other Distributees, for Account and Settlement of Estate.*

1. *Suits by administrator or distributees; who may sue.*—The title to the personal effects of a decedent, and the right to maintain personal actions, are devolved by law on the personal representative; and the general rule is, that he alone is authorized to demand, receive, collect, disburse and distribute the personal assets and claims of the estate; and while there are recognized exceptions to this rule, in which administration may be dispensed with, and other cases in which, the personal representative being estopped, or under disability to sue, a court of equity will lend its aid for the discovery and utilization of assets, a bill by distributees must aver the facts necessary to bring the case within one of those exceptions.

2. *Discovery; when bill lies for.*—A bill for discovery alone must not only aver the facts as to which a discovery is sought, and that those facts are within the knowledge of the defendant, but must also allege that they can not be proved without his answer; and this allegation, if denied, must be proved.

APPEAL from the Chancery Court of Madison.
Heard before the N. S. GRAHAM.

BRANDON & JONES, for appellants.

CABANISS & WARD, *contra.*

STONE, J.—In October, 1878, Rhoda Lawler died, intestate; and in November, of the same year, Jehu and James H. Lawler, two of her sons, were appointed administrators of her estate. In February, 1882, this bill was filed; to which the chancellor sustained a demurrer, at the July-term of the court, and dismissed the bill. No amendment was offered in the court below. The complainants in the court below prosecute this appeal, and assign as error the decree of the chancellor dismissing the bill.

Mrs. Lawler, intestate, left many descendants—some of them surviving children, and others descendants of deceased children. There are eleven full shares into which Mrs. Lawler's estate is to be divided, and some of those shares are to be subdivided into many sub-shares. The claimants and sub-claimants of six of the eleven shares are made complainants, and the claimants of the remaining five shares are made defendants. Among the latter are the two administrators, Jehu and James H. Lawler. Benjamin F. Lawler, another son of intestate, is also made a defendant. The object of the bill is to remove the administration into the Chancery Court, and to compel Bejamin F. Lawler to account, either to the administrators, or to the distributees, for an alleged indebtedness from him to intestate's estate. The bill is indefinite as to the amount of that indebtedness. It is not alleged in the bill that the administration is ready for settlement, nor, indeed, is it shown that any assets have ever come to the hands of the administrators; nor is there any averment as to whether the intestate owed any debts, or not. So far as the bill informs us, the alleged indebtedness from Benjamin F. constitutes the entire estate. There is no averment in the bill, that the administrators refuse, or are unwilling, to enforce the collection of the alleged indebtedness from Benjamin F., or that there is any impediment in the way of their doing so. No combination, or collusion, between said Benjamin F. and the administrators, is charged in the bill.

The general rule is, that the personal representative is alone authorized to demand, receive, collect together, and disburse and distribute the personal assets and effects of an intestate. The title to the personal effects, and the right to maintain actions personal, the law devolves on the personal representative. 1 Brick. Dig. 932, § 261, *et seq.* True, there are exceptional cases, in which administration may be dispensed with; and others in which chancery will lend its aid for the discovery and utilization of assets, where the personal representative is under disability to sue.—1 Brick. Dig. 959, § 632; *Ib.* 935, § 302; *Ib.* 649, §§ 136, 146; *Ib.* 651, § 171; *Lehman v. Meyer*, 67 Ala. 396. But, to be sufficient, the bill must aver facts which bring the case within the exception. The present bill avers no facts

[Sullivan v. Lawler.]

which take this case without the operation of the general rule, and, from all that is shown, the administrators have the exclusive right to bring Benjamin F. Lawler to a settlement.

Nor can the present bill be maintained as one for discovery, if it were otherwise sufficient. To maintain a bill on that ground alone, there must not only be an averment that the facts sought to be discovered exist, and are within the knowledge of defendant; but the bill must go farther, and allege, and, if the allegation is denied, there must be proof, that the alleged facts can not be proved without the defendant's answer.—1 Brick. Dig. 715, § 1067.

Affirmed.