# Russell *v.* Garrett, Adm'r.

*Bill in Equity by Creditor to vacate and set aside Fraudulent Conveyances of Debtor's Property.*

1. *Bill to set aside fraudulent conveyances; when not multifarious.*—A bill in equity by a creditor, seeking to vacate and set aside several conveyances of the debtor's property as fraudulent, and to subject the property to the satisfaction of his demand, is not multifarious, because the several grantees, who are joined as parties defendant, acquired different portions of the property under separate and distinct conveyances, executed at different times, the bill imputing to the defendants a common knowledge of the debtor's fraudulent intent, and a common purpose of participation in it, by mutual combination.

2. *Same.*—Nor is such a bill subject to the objection of multifarious-

[Russell v. Garrett, Adm'r.]

ness, because a portion of the indebtedness due the complainant from the debtor consisted of a claim for which one of the grantees, who is a defendant, was also liable as partner, no relief being claimed against such grantee on the debt, except so far as it may constitute the complainant a creditor of the grantor and principal debtor.

3. *Bill of discovery; what is not.*—Where the only discovery sought in a bill in equity is purely incidental, being such as may be elicited by the interrogating part of the bill, consisting of a series of questions intended to obtain discovery in aid of the complainant's case, and required to be directed to facts previously stated or charged, the bill can not be treated as one for discovery alone, or its sufficiency tested by the rules governing that class of bills.

4. *Waiver of answer under oath; may be incorporated in interrogating part of bill.*—While it is the more common practice to waive an answer under oath to a bill in equity in the foot-note required to be appended to the bill, it may be done in the interrogating part of the bill; this being plainly authorized by the statute, and not prohibited by the 13th Rule of Chancery Practice.

APPEAL from Limestone Chancery Court.

Heard before Hon. THOMAS. COBBS.

The bill in this cause was filed by P. F. Garrett, as the administrator, with the will annexed, of Eliza A. F. Lane, deceased, against Edwin J., John M., William B., George R., and Thomas A. Russell, for the purpose stated in the opinion. The defendants interposed demurrers to the bill, which were overruled by the chancery court. The case made by the bill, and the grounds of the demurrers are sufficiently indicated in the opinion. To the bill is appended a foot-note, requiring the defendants to answer "each and all the statements and charges in this bill, and each and all the foregoing interrogatories;" but, by the foot-note, answers under oath are not waived. This, however, is done in the interrogating part of the bill, its language being, "To the end, therefore, that the said defendants may show why your orator should not have the relief hereby prayed, and may, *without oath*, and according to the best and utmost of their knowledge, remembrance, information and belief, full, true direct and perfect answer make," etc.

The decree overruling the demurrers is here assigned as error.

HUMES, GORDON & SHEFFEY and W. R. FRANCIS, for appellants.

McCLELLAN & McCLELLAN and H. C. TOMPKINS, *contra*.

SOMERVILLE, J.—The bill is filed for the purpose of setting aside conveyances and transfers of property made by Edwin J. Russell to his four brothers, who are co-defendants, on the ground that they were made with the intent to hinder,

delay or defraud creditors, the said Russell being at the time largely indebted to complainant's intestate. A demurrer was interposed to the bill by each of the defendants, and was overruled by the chancellor. The appeal is taken from this decree, upon which the assignments of error are exclusively based.

The bill, in our opinion, is not multifarious. It has long been the practice of courts of equity, in creditors' bills of this character, to sanction the joining of parties defendant who have acquired different portions of the debtor's property under separate and distinct conveyances, made with intent to defraud. "The object and purpose of the suit is single, the satisfaction of the demands of the creditors from the property of the debtor, and all that can be said is, that different persons have, or claim to have, separate interests in distinct or independent questions connected with, or springing out of that common purpose.—*Lehman v. Meyer*, 67 Ala. 396, and cases cited; 1 Dan. Ch. Pr. (5th Ed.) 339, NOTE 1.; *Halstead v. Shepard*, 23 Ala. 558; *The P. & M. Bank, v. Walker*, 7 Ala. 926. The facts alleged in the bill impute to the defendants a common knowledge of the debtor's fraudulent intent, and a common purpose of participation in it, by mutual combination. It is no objection, in this aspect of the case, that the alleged fraudulent conveyances were made at different times.

Nor do we think it any ground of objection that a portion of the indebtedness due complainant from Edwin J. Russell consisted of a claim for which George R. Russell, one of the other defendants, was also liable in the capacity of a partner. The debt was a several, as well as a joint obligation, under the statute, and whether verbal or written, the members of the partnership could be sued upon it severally, or jointly, at the option of the complainant.—*Hall v. Green*, 69 Ala. 368; Code, 1876, § 2904. We construe the bill to claim no relief against the copartner, George R. Russell, based on this claim, except so far as it may constitute the complainant a creditor of the main defendant in the suit, Edwin J. Russell. It is not a case, therefore, of multifariousness originating in uniting a joint claim against several defendants with a separate claim against one defendant alone, with which the other defendants have no connection.—*McIntosh v. Alexander*, 16 Ala. 87.

The bill derives no part of its equity in its aspect as one for discovery. Such is not its frame or purpose. The only discovery sought is purely incidental, such as may be elicited by the interrogating part of the bill, which consists of a series of questions intended to obtain discovery in aid of the complainant's case, and required to be directed to facts previously stated or charged. These interrogatories are chiefly designed to "prevent misapprehension or evasion, by inquiring not only as to the

[Kennon & Brother v. Dibble.]

facts specifically alleged, but as to circumstances of possible variation."—Adams' Eq. 307; 1 Dan. Ch. Pr. 484. The demurrers erroneously treat the bill as one for discovery alone, where the averments required to be made are of a particular character, so often repeated in our decisions as not to require reiteration at this time.—*Sullivan v. Lawler*, 72 Ala. 72; *Shackelford v. Bankhead, Ib.* 476.

The statute provides that "when a bill is filed for any other purpose than discovery only, the plaintiff may waive, *in or upon the bill*, the answer being made on the *oath* of the defendants, or either of them."—Code, 1876, § 3762., While the more common practice is to do this in the usual foot-note required to be appended to the bill, it is often done in the interrogating part, and to this cause there seems to be no sound or even plausible objection. It is plainly authorized by the statute, and is not intended to be prohibited by the 13th Rule of Chancery Practice.—Code, 1876, p. 163.

The demurrers were properly overruled, and the decree of the chancellor is affirmed.