# Hinds *et al. v.* Hinds, *pro ami.*

## *Bill in Equity for Alimony.*

1. *Alimony; jurisdiction of courts of equity in granting.*—Courts of equity have jurisdiction to grant alimony to a married woman, in the nature of maintenance, not merely as incidental to a bill for divorce, but on the original and independent ground that legal remedies are inadequate to enforce the duty of maintenance on the part of the husband.

2. *Same; bill for; when fraudulent grantees of husband may be joined as defendants.*—Fraudulent grantees, to whom the husband has transferred his property in fraud of the complainant's right of maintenance, may be joined with him as defendants to such a bill; and the bill is not multifarious because they claim under several conveyances executed with the same common intent.

APPEAL from the Chancery Court of Calhoun.

Heard before Hon. N. S. GRAHAM.

The original bill in this case was exhibited, on 6th January, 1885, by Adaline A. Hinds, by next friend, against her husband, Daniel Hinds, charging his desertion and abandonment of complainant without making any provision for her maintenance, and praying that reasonable alimony be decreed her out

15

[Hinds et al. v. Hinds, pro ami.]

of his estate. The bill was subsequently amended so as to make parties defendant thereto, Mrs. W. F. Hanna and Mrs. Ephraim Allen, children of respondent, to whom he had, as alleged, fraudulently transferred substantially all his property, "in deliberate anticipation of oratrix's bill of complaint." The defendant, Hinds, demurred to the bill upon the grounds, *inter alia,* that there was "no bill pending for divorce *a vinculo matrimonii;*" that the bill would not lie "for alimony alone;" and that there was a misjoinder of parties defendant.

The decree of the chancellor overruling the demurrers is here assigned as error.

E. H. HANNA, for appellants.

G. C. ELLIS, *contra.*

SOMERVILLE, J.—The first question raised by the demurrer to the complainant's bill is, whether courts of equity in this State possess jurisdiction to grant alimony, in the nature of maintenance, to a wife, unconnected with any proceedings for divorce. The bill alleges that the defendant abandoned the complainant, without any just excuse, and refused to live with her, or to make any provision for her support and maintenance. The prayer is for alimony, without seeking a divorce.

This question was fully discussed by this court in the case of *Glover v. Glover*, 16 Ala. 440, where, after an elaborate review of the authorities, the conclusion was reached that courts of equity exercised a jurisdiction over the subject of alimony, not merely incidental, but original, in cases where the wife's right to a maintenance exists. The broad ground upon which the jurisdiction is made to rest is the unquestionable duty of the husband to support the wife, and the inadequacy of legal remedies to enforce this duty. The doctrine of this case was followed in *Mims v. Mims*, 33 Ala. 98, and again in *Wray v. Wray, Ib.* 187.

It may be admitted that the weight of authority, both in England and in this country, is opposed to the doctrine adopted in these cases, but the reasoning upon which this doctrine rests is logical and sound, and is supported by many well considered decisions of our most respectable courts. Among these may be mentioned the courts of Mississippi, Iowa, Kentucky, California, South Carolina and Virginia.—*Garland v. Garland,* 50 Miss. 694; *Graves v. Graves,* 36 Iowa, 310; *Logan v. Logan,* 2 B. Monroe, 142; *Galland v. Galland,* 38 Cal. 265; *Prather v. Prather,* 4 Desau's Eq. 33; *Rhame v. Rhame,* 1 McCord Ch. 197; *Purcell v. Purcell,* 4 Hen. & Munf. 507; *Almond v. Almond,* 4 Rand. 662.

[Proctor v. Scharpff.]

Mr. Justice Story, in commenting on the rule settled in these cases, observes, that "there is so much good sense and reason in this doctrine, that it might be wished it were generally adopted."—2 Story's Eq. Jur. § 1423*a*. See, also, Schouler on Husband and Wife, § 485; 2 Cord. on Leg. & Eq. Rights Mar. Women (2d Ed.), § 958 *et seq.* Some of the States have accordingly seen fit to adopt it by statutory enactment, thus affirming confidence in its wisdom and sound policy. Without being unmindful of the force of the criticisms pronounced upon these cases by recent law writers, we are not willing to depart from, or overturn the principle established by them, at this late day.—3 Pom. Eq. Jur. §§ 1120, 1299.

The wife's claim to alimony is an equitable demand against the husband, and there can be no doubt of her right to attack for fraud any transfers or alienations of property made by him with intent to defeat her claim, and that such fraudulent grantees may properly be made defendants to the suit for alimony. Wait on Fraud. Conveyances, p. 140, § 90; *Turner v. Turner*, 44 Ala. 437.

The bill was not rendered multifarious by reason of the joinder of the several grantees as co-defendants in the suit. They are all grantees, or donees, of the same person. The several transfers spring out of the alleged common purpose to defraud the complainant, and the object and purpose of the suit is single in seeking satisfaction of the complainant's demand out of the debtor's property which is alleged to have been fraudulently conveyed.—*Russell v. Garrett*, 75 Ala. 350; *Lehman v. Meyer*, 67 Ala. 396; *Halstead v. Shepard*, 23 Ala. 558; *Fellows v. Fellows*, 15 Amer. Dec. 428–9.

The demurrer to the bill was properly overruled and the decree of the chancellor overruling it is affirmed.