# Handley *et al.* v. Heflin *et al.*

*Bill in Equity by Creditors against Executor and Legatees for Settlement of Deceased Debtor's Estate.*

1. *Contribution in equity between co-sureties.*—A surety, having paid more than his share of the principal's debt, may maintain a bill in equity to enforce contribution from his co-sureties, although he also has a remedy at law.

2. *Bill for discovery.*—A party may maintain a bill in equity for discovery, as auxiliary to an account, or other ground of equity, notwithstanding statutory provisions authorizing the examination of parties on interrogatories in actions at law.

3. *Premature assent to legacy by executor.*—The premature assent of an executor to a legacy is at his own risk, and renders him liable to creditors as for a *devastavit.*

4. *Legatee as party to bill by creditor against executor.*—A legatee, who, by the premature assent of the executor, has received his legacy, and, by collusion with him, is attempting to hide the property from the reach of the decedent's creditor's, may be joined with the executor as a defendant to a bill by creditors to reach and subject the assets.

5. *Distributees receiving advancements, as defendants to creditors' bill.* The several children of the deceased debtor, to whom he made advancements in fraud of his creditors, may be joined with the personal representative as defendants to a bill by creditors, which seeks an ac-

[Handley et al. v. Heflin et al.]

count, a discovery of assets, and their condemnation to the payment of debts.

6. *Parties to creditors' bill; fraudulent grantees, and personal representative.*—Several fraudulent grantees or donees of a deceased debtor may be joined as defendants to an ordinary creditors' bill, although they claim different parts of the property under separate gifts or conveyances; and the personal representative may also be joined, although he is not a necessary party.

7. *Appeal; when returnable.*—Under statutory provisions (Code, § 3620), an appeal sued out on the 17th February, 1888, is properly made returnable on the 12th March.

APPEAL from Randolph Chancery Court.
Heard before Hon. S. K. McSPADDEN.

SMITH & LOWE, and SMITH & SMITH, for appellants.—1. The bill is multifarious as expressly settled in *Clay v. Gurley*, 62 Ala. 14. 2. There is no necessity for a discovery, since the bill alleges fraudulent sales of property worth much more than amount of plaintiff's demand. 3. There is no necessity for removal of the administration into the Chancery Court. Complainants can obtain relief without removal, if they are entitled thereto.

HEFLIN & BULGER, *contra.*—1. The conduct of the executor and widow make a clear case for a creditors' bill. The entire property should have been retained by the executor until the debts were paid.—2 Wms. Ex'rs, 1340. 2. The jurisdiction to compel contribution between co-sureties has long been exercised by Courts of Chancery, and the bill contains equity.—Story Eq. Jur. §§ 492-96. 3. The bill is not multifarious.—Story's Eq. Plead. §§ 271, 271a (Red. Ed.); 75 Ala. 348; 67 Ala. 396; 75 Ala. 58; 80 Ala. 147-8; 3 Brick. Dig. 340, § 136.

SOMERVILLE, J.—The present bill is filed by certain creditors of a decedent's estate. Its purpose is to remove the settlement of the estate from the Probate to the Chancery Court, with a view of enforcing a final settlement in the latter tribunal; to enforce contribution from the personal representative of a co-surety of the complainants; to compel him to discover important facts alleged to be indispensable to justice; to hold the executor liable incidentally for a *devastavit* by reason of his premature assent to certain legacies left by the testator to his widow, and to pursue the property of the deceased debtor fraudulently conveyed by him during his life-time to his children, by way of alleged advancements made to them.

[Handley et al. v. Heflin et al.]

The bill, in our opinion, has equity, and is not subject to the objection of multifariousness as taken by the demurrer of the appellants. It is clearly sustainable upon the strength of the following peculiar equities:

1. The complainants were joint sureties with the deceased testator, Peter Mitchell, on a certain guardian bond executed by them with one Towles as principal and guardian, and as such became liable for about thirteen thousand dollars, which sum was paid by complainants to Towles' ward, one Phillips, who had recovered a judgment against them for the amount. No rule is better established than that a surety who has paid more than his just share of the principal's debt may go into equity for the purpose of enforcing contribution from his co-sureties, as well as from their common principal. The less adequate remedy existing at law for this purpose is held not to affect the more efficacious jurisdiction of equity —Adams' Equity (7th Ed.), *268, *269; 1 Story's Eq. Jur. (12th Ed.) §§ 492- 93.

2. Another ground of equity is the necessity of discovery in aid of the relief prayed. Many facts are stated in the complainants' bill, which show a concerted effort on the part of the executor, Handly, to keep all parties interested in the estate as creditors in complete ignorance as to the amount, condition and whereabouts of the assets of the estate. A large portion of these he declined to administer on, but allowed them to pass into the hands of the widow of the testator, Mary M. Mitchell, who was a legatee under the will, with a knowledge that they were subject to the payment of debts due the complainants and other creditors, and for the collusive purpose of aiding such legatee in securing the property for her own uses to the prejudice of such creditors. Discovery is sought also as to the contents of a book in the hands of the executor, in which the testator had entered a memorandum of advancements made to his children, an inspection of which had been denied by said executor to complainants on their request. It thus satisfactorily appears that the facts sought to be discovered are of the most material character, and that they can not be otherwise proved than by the defendant's answer. The bill shows, in other words, that the discovery prayed is indispensable to justice, and this is all that is required to justify the intervention of this arm of equity, as auxiliary to any proper relief.—*Continental Life Ins. Co. v. Webb*, 54 Ala. 688. Nor is this head of jurisdiction affected by statutory provisions authorizing

[Handley et al. v. Heflin et al.]

the examination of the defendant as a witness in proceedings at law.—*Shackelford v. Bankhead*, 72 Ala. 476; 1 Pomroy's Eq. Jur. §§ 193, 197, note 1, p. 191.

3. In this phase of the case, the executor would be accountable for his premature assent to any legacy disposing of the assets of the estate, subject to administration, whereby they were permitted to pass into the hands of a legatee. It was his duty to apply the personal property of the decedent, over and above exemptions, to the payment of debts in the order of their priority, and the risk of voluntary premature distribution would be his own,—rendering him responsible for a *devastavit* to the creditors to the extent of the value of such estate without regard to the directions of the will applying it to other purposes.—2 Williams on Executors (6th Am. Ed. Perkins), 1474; *Williamson v. Mason*, 18 Ala. 87; Code, 1886, §§ 2161, 2191, *et seq.*

4. And, in such case, the legatee who has become possessed of such assets, especially by collusion with the executor, and who by concert of action has participated with him in making way with them in order to avoid their being subjected to the just debts of the decedent, would be a proper party defendant to the bill.—Story on Eq. Plead. (8th Ed.), § 178. Under this principle, Mrs. Mary Mitchell would be properly joined as a co-defendant with the executor Handley.

5. It is no objection to this bill that the several alleged fraudulent grantees of the deceased debtor, whose estate is sought to be settled, are made parties defendant to the settlement. In this phase of the case, the suit incidentally becomes a creditor's bill, which in this State may be filed by a simple contract creditor, or one without a lien, and to be good must aver a deficiency of legal assets.—3 Brick. Dig. 340, § 136 and cases cited. Unless this averment is made and satisfactorily proved, the assets in the hands of a fraudulent grantee or donee can not be reached. These conveyances are not only alleged to have been made without consideration, but it is averred that they were made by the deceased debtor as *advancements* to his children, for which they are liable to account on settlement of the administration. Such advancements are required by statute to be "considered as a part of the estate, so far as regards the division and distribution thereof among the children [of a decedent] or their descendants, and must be taken by such child or descendant towards his share of the estate of the deceased."—Code, 1886, § 1925. These donees were, therefore, proper parties

to this settlement, being interested as they are, in the ascertainment and adjustment of the whole question of advancements. They could be joined as defendants on another ground. The property conveyed to them being a mere secondary fund, could not be subjected by creditors, as we have said, unless there was a deficiency of legal assets in the hands of the testator's executor; and these defendants were interested in the taking of the account as to the *primary* fund from which the complainants' demands were first to be satisfied. Either of these reasons would justify their joinder as defendants in the present proceeding.

6. To an ordinary creditors' bill it is no objection that a large number of fraudulent grantees, or donees, are made parties defendant, although they claim different portions of the property by distinct conveyances. It has long been held in this State, that this does not render such a bill multifarious. In such cases a unity of fraudulent design is held to permeate the whole transaction so as to impart to the suit a singleness of object and purpose.—*Hinds v. Hinds*, 80 Ala. 225; *Russell v. Garrett*, 75 Ala. 350; *Holt v. Wilson*, 75 Ala. 58; *Lehman v. Meyer*, 67 Ala. 396; *Allen v. Montgomery R. R. Co.*, 11 Ala. 437; Bump on Fraud. Con. (3d Ed.) p. 551, note 2, and cases. And the personal representative of the fraudulent grantor would also be a proper, though not a necessary party defendant, at the option of the complainant.—*Coffey v. Norwood*, 81 Ala. 512; *Houston v. Blackman*, 66 Ala. 559.

Under a proper application of these principles, it necessarily follows that the chancellor did not err in overruling the demurrer to the bill.

7. The motion to dismiss the appeal is overruled. It seems to be sued out in precise conformity to the requirements of section 3620 of the present Code, regulating appeals taken during term time, and making them "returnable to the first Monday of the term next after the expiration of twenty days from the date of the appeal." The appeal was taken on February 17th, 1888, and made returnable to March 12th, 1888, which came on Monday, and was the first Monday after the lapse of twenty days from the date of the appeal.—Code, 1886, § 3620.

Affirmed.