# Gassenheimer *et al. v.* Kellogg & Shedden.

*Creditor's Bill to set aside Fraudulent Transfer of Personal Property, and for a Receiver.*

1. *Fraud; actual between vendor and vendee effect of.*—Actual fraud between vendor and vendee in a sale of personal property renders the transaction between them void as to subsequent creditors of the vendor.

2. *Allegation of the insolvency of a fraudulent grantor, when not necessary.*—Where a bill in equity alleges that a debtor caused attachments to be sued out against him on fictitious demands, that he transferred a large amount of property without consideration and made large orders for goods which were received by his transferree under an agreement between them, and all for the purpose of hindering, delaying and defrauding his creditors, an allegation of the insolvency of the debtor is not necessary.

3. *Multifarious; bill joining fraudulent grantees not.*—Any number of fraudulent grantees of a common grantor may be joined in a bill without rendering the bill multifarious.

4. *Fraud; general averments sufficient in a bill.*—In a general creditors bill the complainants are not required to aver all their matters of evidence tending to establish fraud; "General averments of facts from which unexplained a conclusion of fraud arises are sufficient."

5. *Attaching creditors; effect of collusion between.*—Allegations in a bill that attachments were procured by collusion between attaching creditors and the defendant, and with intent to hinder, delay or defraud creditors, bring the bill within § 2156 of the Code.

[Gassenheimer, *et al.* v. Kellogg & Shedden.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This is a creditor's bill. It alleges that Seligman purchased goods of complainants to a considerable amount which is unpaid; that he being in failing circumstances and in contemplation of insolvency procured attachments to issue in favor of Levoir and the Merchants & Planters Nat. Bank; that the debt claimed by Levoir was fictitious and the debt claimed by the bank was also fictitious in part; that prior to the levy of the attachments Gassenheimer was a confidential clerk and kinsman of Seligman and pretended to purchase the goods owned by him, but did not in fact ever pay for them; that goods shipped to Seligman were taken by Gassenheimer, he paying the freight, and for the purpose of hindering, delaying and defrauding the creditors of Seligman. The bank, Levoir and Gassenheimer filed demurrers which were overruled and from this decree this appeal is taken.

MARKS & SAYRE, A. A. WILEY and HUGH NELSON, for appellants.—The bill seeks relief on grounds that are entirely distinct or that have only remote connection with each other and is multifarious.—*Seals v. Pheiffer & Co.*, 77 Ala. 278; 1 Beach Mod. Eq. Prac., Sec. 120. (2). A voluntary conveyance is *per se* void only as to existing creditors; when the ground for annullment is constructive fraud it is sufficient as against existing creditors and in this bill the averred facts only show constructive fraud. Complaints as subsequent creditors.—*Beall & Coston v. Lehman, Durr & Co.*, 110 Ala. 448; *Cole City & Coke Co. v. Hazard Powder Co.*, 108 Ala. 222; *Elyton Land Co. v. Iron City Steam Bottling Works*, 109 Ala. 602.

WATTS, TROY & CAFFEE, *contra.*—(1). The allegations of the bill as to the attachments of Levoir and the bank are sufficient to show fraud upon which a simple contract creditor may maintain a bill under Sec. 2156 of the Code.—*Comer v. Heidlebach*, 109 Ala. 233; *Steiner & Lobman v. Parker*, 108 Ala. 365; *Brownhold v. Passe*, 22 So. Rep., 662. (2). The bill is not multifarious because any number of fraudulent grantees of the

[Gassenheimer, *et al.* v. Kellogg & Shedden.]

common grantor may be joined in one bill.—*Hines v. Hines,* 80 Ala. 225; *Hall v. Henderson,* 114 Ala. 601. (3). As the facts alleged show fraud in fact a subsequent creditor may attack them.—*Seals v. Robinson,* 75 Ala. 369.

DOWDELL, J.—The bill alleges actual fraud in the transaction between Seligman and Gassenheimer, which transpired in June, 1897. This rendered the transaction void as to subsequent creditors.—*Seals v. Robinson,* 75 Ala. 369; *William et al. v. Spragins, Buck & Co.,* 102 Ala. 424.

The allegations of the bill as to the attachment sued out by Levoir, are that it is based upon a simulated and fictitious claim, which did not in reality exist; and the same allegations as to the bank's attachment to the extent of half of the demand sued on. Both attachments are charged to have been procured by collusion between the plaintiffs in attachment and the defendant Seligman, and with the intent to hinder, delay or defraud creditors. These averments are sufficient to bring the bill within the influence of section 2156 of the Code.— *Comer v. Heidelbach,* 109 Ala. 223; *Steiner & Lobman v. Parker,* 108 Ala. 365; *Collier v. Wertheimer Shoe Co.,* in MS.

While the insolvency of complainants' debtor, Seligman, is sufficiently averred under the facts alleged in the bill, this averment was not necessary.—*Coal City Co. v. Hazard,* 108 Ala. 223; *Lehman v. Mayer,* 67 Ala. 403; *O'Neil v. Birmingham Co.,* 101 Ala. 390.

The proposition is thoroughly and well settled by the decisions of this court, that any number of fraudulent grantees of a common grantor may be joined in one bill, without rendering the bill multifarious.—*Hall v. Henderson,* 114 Ala. 601; *Williams et al. v. Spragins, Buck & Co.,* 102 Ala. 424; *Hinds v. Hinds,* 80 Ala. 225; *Russell v. Garrett,* 75 Ala. 348; *Lehman v. Meyer,* 67 Ala. 404; *Allen v. Railroad Co.,* 11 Ala. 437.

In a general creditors' bill like the present one, the complainant is not required to aver all of his matters of evidence tending to establish fraud, but must use certainty and clearness in the allegations of matters neces-

sary to his right of recovery, which must not depend on inference or ambiguous averments. The test is, whether they are sufficient to notify the defendant that the *bona fides* of the transaction are assailed, and to put in issue their validity. "General averments of facts, from which, unexplained, a conclusion of fraud arises are sufficient."—*Williams et al. v. Spragins, Buck & Co. et al,,* *supra.*

The allegations in the bill show a systematically devised scheme on the part of the defendant Seligman, aided by his confidential friend and kinsman Gassenheimer, to defraud the future as well as the existing creditors of the former. It may be, and doubtless is true, that the plaintiffs in attachment, had no connection with, and were ignorant of this fraudulent scheme, when it was conceived and inaugurated, yet these attachments are alleged to be collusive and fraudulent, and to have been procured by the said Seligman in furtherance of his original scheme to defraud. By the averments of the bill, there is shown, so far as the defendant debtor Seligman is concerned, throughout the series of transactions named, a continuity of his fraudulent purpose which began in his transaction with Gassenheimer in the month of June preceding the attachments. Even disconnecting the plaintiffs in attachments, in point of fact, from the transactions as between Seligman and Gassenheimer, still under the facts as averred, they would occupy the position of fraudulent grantees of a common debtor. The bill is drawn with commendable skill, and we think the allegations as to fraud fairly put the defendants upon notice as to the nature of the evidence to be offered, and are sufficiently full and complete.—*Picket v. Pipkin,* 64 Ala. 520; *Buford v. Steele,* 80 Ala. 148; *Fort Payne Co. v. Fort Payne Co.,* 96 Ala. 476; *Echols v. Orr,* 106 Ala. 240; 1 Dan. Ch. Pr. 324.

We find no error in the record and the decree of the city court is affirmed.