# Adams *v.* Wilson.

*Bill in Equity for the Apportionment of Overlapping Lands.*

1. *Doctrine of apportionment; when not applicable.*—When an original tract of land·is subdivided by distinct and separate surveys, the second survey is subservient to the first and must bear any subsequently discovered deficiencies; .and. in such case the doctrine of apportionment can not..be invoked.

2. *Bill for apportionment of overlapping land; when can not be maintained.*—Where a bill, is filed asking for the apportionment of overlapping land, and upon and under the averments of the bill it is shown that there is no overlapping of the tract of land described, such bill is subject to demurrer and can not be maintained.

3. *Multifariousness; when not shown to exist.*—A bill in equity is not·subject to the objection of multifariousness· in that the several defendants have separate interests in distinct questions, if such questions are all connected with, and. grow out of, the single·object of the suit.

APPEAL from the. City Court of Birmingham, in Equity.

Heard before the Hon. CHARLES A. SENN.·

The purpose· of this bill and the facts averred therein are sufficiently stated in the opinion.

The defendant Wilson demurred to the bill .upon the following grounds: 1. Because it affirmatively appears from the allegations of said bill that there is no overlappage in the description of the land of complainant and the land of this defendant. 2. Because said bill is multifarious in this, that the tract of land of this defendant described in said bill is separate and distinct from and not in any way connected with that of Lula V. Herman, and the relief sought against this defendant is separate and distinct from, and independent of, that sought against the said co-defendant. 3. Because it appears from said bill of complaint that there is a strip or gore

of land between the eastern boundary of complainant's land, as described in said bill, and the western boundary of this defendant's land, as described in said bill, and that neither of the parties to said suit is the owner of the legal title to said strip or gore of land, and the owner of the legal title to said strip or gore of land is not made a party defendant to said bill.

The separate demurrer of the defendant Herman was based upon the same grounds as the first and second grounds of Wilson, except that the name of Wilson appears in the second ground in the place of the name of Herman. The defendant also moved to dismiss the bill for the want of equity.

Upon the submission of the cause upon the motion to dismiss the bill for the want of equity and upon the demurrers, the chancellor rendered a decree overruling the motion to dismiss the bill for the want of equity and the demurrer of Herman, but sustained the demurrer of Wilson. From the decree sustaining the demurrer of Wilson the complainant appeals, and assigns the rendition thereof as error.

WARD & HOUGHTON, for appellants, cited *Ashurst v. McKenzie*, 92 Ala. 484; *Guice v. Barr*, 130 Ala. 570; 3 Pom. Eq., §§ 1384, 1385; 1 Story's Eq., §§ 610, 619, 662; 4 Am. & Eng. Ency. Law, (2d ed.), 839, 840, note 3, p. 838; 2 Daniel Chancery Pleading & Practice, 1164-1165; *Doe v. Mobile*, 8 Ala. 279; *Boyd v. Davis*, 65 Barb. 237; 8 Amer. Cent. Dig., 811, §§ 811, 255 d and e; 4 Amer. & Eng. Ency. of Law, 787, 838, 840, 847, 866, 867, 868; *Carson v. Barnett*, 30 Amer. Dec. 143; *White v. Luney*, 93 U. S. 514.

BANKS & SELHEIMER, *contra*, cited *Ashurst v. McKenzie*, 92 Ala. 487; 17 Amer. & Eng. Ency. Law, (2d ed.), 666; 1 Washburn on Real Property, 653, 416; *Howard v. Chase*, 104 Mass. 219; *Welch v. Sackett*, 12 Wis. 243; *Challefoux v. Ducharme*, 4 Wis. 554; *Young v. DuBruhl*, 11 Rich. L. (S. C.), 73 Amer. Dec. 127; *Bryant v. R. R. Co.*, 79 Me. 312; *Flag v. Thurston*, 30 Mass. 145; *Northrup v. Sumner*, 27 Barb. 196; *Koch v. Dunkel*, 90 Pa. St. 264; *Whittleset v. Kellog*, 28 Mo. 404; *Miller v. Beel-*

*er*, 25 Ill. 147; *Corn v. McCrary*, 48 N. C. 496; *Gughliel-him v. Geismar*, 46 La. Ann. 280.

DOWDELL, J.—The bill in this cause was filed by the appellant, Adams, against Loula V. Herman and Wm. H. Wilson. Separate demurrers were filed by the respondents to the bill. The appeal is taken from the decree of the court sustaining the demurrer of the respondent Wilson.

The theory of the bill is, that there is an overlap in the description of two tracts of lands simultaneously conveyed by a common grantor, Ann Roebuck to her two daughters, Loula V. Herman and Ann E. Adams, through whom appellant and appellee claim title; the former claiming under Ann E. Adams, and the latter under Loula V. Herman. The bill avers that the respondents are in possession of the alleged overlap, and the relief prayed is for an apportionment of the overlap and adjustment accordingly of the boundaries of the two tracts. The allegations of the bill show that there were two separate and distinct surveys of the tracts in question, and of necessity one must have been prior in point of time to the other. In fact, in the description of the tract conveyed to Ann E. Adams the prior survey of the land conveyed to Loula V. Herman is referred to, and from the language used, it may be inferred, that the two surveys were made by different surveyors. The contention of appellee is, that there is no overlap, and we think on the facts shown by the bill, this contention is sound. The equitable doctrine of apportionment, as applied to overlapping land in certain cases, cannot be invoked in every instance where grants from a common grantor encroach, one upon the other. We think the doctrine is correctly stated in 5 Cyc. of Law & Procedure, page 973, where it is said: "Where a tract of land is subdivided and is subsequently found to contain either more or less than the aggregate amount called for in the surveys of the tracts within it, the proper course is to apportion the excess or deficiency among the several tracts. If, however, the original tract is subdivided by distinct and separate surveys the second survey is subservient to the first, and must bear any subsequent dis-

covered deficiency. So, too, where a tract is conveyed in parcels without reference to any plan or the avowal of a purpose to divide land according to any definite proportion, any excess or deficiency will go to, or be borne by, the last grantee; and if a tract is divided into a certain number of lots of a uniform size, and an irregular surplus is also divided into two or more lots, any deficiency will fall upon the latter lots." See also authorities cited in marginal notes to above text. The case in hand does not come within the class mentioned in the first clause of the above quotation, and consequently the principle declared is without application. But on the facts alleged in the bill, it does come within the doctrine asserted in the second clause. Here, there is a division by separate and distinct surveys, and the second survey, which was the appellant's land, is subservient to the first.

The cases cited by counsel for appellant—23 Am. St. Rep. 389; 24 Am. St. Rep. 287; 45 Am. St. Rep. 183— are based on a state of facts different from what we have before use, and what is decided in those cases in nowise conflicts with what we have said above. The first of the above cases, (23 Am. St. Rep. 389; s. c. 78 Wis. 27), is cited as an authority in Cyc. of Law & Procedure, on the first proposition laid down in the quotation we have made from that work.

Since it is shown by the bill that the respondent Wilson claims under and through the respondent Herman, we do not think there is any merit in the ground of demurrer setting up multifariousness in the bill. "It is no objection that the different defendants have separate interests in distinct questions, provided they are all connected with and come out of the single object of the suit, not dividing the remedy into two suits."—*Collins v. Stix, Kraus & Co.*, 96 Ala. 338; *Handley v. Heflin*, 84 Ala. 600; *Hinds v. Hinds*, 80 Ala. 225; *Russell v. Garrett*, 75 Ala. 348; *Randle v. Boyd*, 73 Ala. 282.

It is not stated upon what ground in sustaining the demurrer the decree is rested, nor is this important, since if any one ground be well taken, the decree is supported.

For the reason given above, the decree will be affirmed.