[Little Warrior Coal Co. *et al.* v. Hooper.]

# Little Warrior Coal Co. *et al.* v. Hooper.

105  665
108  297
105  665
121  594

*Bill in Equity for the Appointment of a Receiver of a Corporation.*

1. *Receiver; when should not be appointed at instance of stockholder and creditor of corporation.*—The proper purpose for the appointment of a receiver is to conserve assets for the protection and benefit of creditors in order that they may be speedily paid ; and when in a bill by a stockholder and director, who is also a creditor, of a corporation for the appointment of a receiver of said corporation, it is averred in a general way that by reason of the mismanagement of the affairs of the corporation there will be a total loss of the property and that the other creditors are about to enforce the collection of their claims against the corporation by suits against it and by the levy of execution under judgments already recovered, but there is no averment of fraud, and it is shown by the averments of the bill that the corporation is solvent, the showing for the appointment of a receiver of said corporation for the conservation of complainant's rights as a creditor is wholly insufficient.

2. *Same; same.*—The mere fact that there is a disagreement between the directors, who are also the only stockholders, of a corporation, as to the management of the business of said corporation, no fraud being averred, furnishes no ground for the appointment of a receiver of said corporation at the suit of one of the directors.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion.

WARD & JOHN, for appellants.

JAMES E. ZUNTS, *contra.*

COLEMAN, J.—The appellee, J. De B. Hooper, filed the present bill against the Little Warrior Coal Company, a corporation, and Richard Thomas and W. E. Thomas. The bill prayed for the appointment of a reciver, which was done, upon the filing of the bill and without notice. The present appeal is prosecuted from the appointment of a receiver.

[Little Warrior Coal Co. *et al.* v. Hooper.]

The Little Warrior Coal Company by its charter was authorized "to mine and sell coal and manufacture coal into coke, * * * to buy and sell goods and stocks of merchandise to miners and other persons, to build and operate railroads and tramways * * * to lease and operate mines," &c. Its capital stock was $10,000. The bill shows that there are but three stockholders and three directors; that complainant owns one half the stock, and is a director, and Richard Thomas and W. E. Thomas, the respondents, own the other half of the stock and are the other two directors. The averments of the bill show that complainant has become jointly liable, as endorser or surety for the corporation, in the sum of twelve hundred and fifty dollars, and that the corporation is indebted to complainant in the sum of two hundred and fifty dollars. The complainant is, therefore, a creditor of the corporation as well as a stockholder and director. There are other creditors whose debts in the aggregate amount to two thousand or twenty-five hundred dollars. The averments of the bill show that although the corporation has no cash on hand, the assets of the corporation far exceed its liabilities. No fraud is charged. It is averred in a general way, that the affairs of the corporation are "mismanaged resulting in waste and injury that in the end must result in a total loss of the property." It is not shown that the creditors can not collect their debts by process of law. It does appear that complainant is apprehensive of the creditors. It contains these remarkable averments as one of the urgent grounds why a receiver should be appointed, viz., "so pressing have become said corporation creditors, and so watchful are they, that on the slightest hint, they would all precipitate suits against said corporation, and that to preserve the assets of said corporation it is necessary that a receiver be appointed at once without delay and without notice." "That judgments have already been obtained against said corporation, and orator fears and believes that at any moment the sheriff may levy upon said corporation's property and cause the dismemberment of its business and plant."

The proper purpose for the appointment of a receiver is to conserve the assets for the protection and benefit of creditors and pay them as speedily as possible. It would seem from the averments of the present bill, that the ob-

ject was to prevent the creditors from collecting their just demand, until the chancery court has operated the mines and stores until it realizes funds from the business to satisfy the debts and in the meantime the creditors' claims must be delayed, and await the experiment of a court of chancery engaging in the mining and mercantile business. It is only in extraordinary cases, and where public and *quasi* public corporations are involved, that a chancery court is justified in undertaking to carrying on indefinitely the business through a receiver. In the case of *Smith v. Smith*, (MS.) BRICKELL, C. J., says : "We take occasion to mention that it does not belong to the jurisdiction of courts to undertake the management of private or corporate business. When property is in the possession of a court, it must be preserved—and, when no public duty is owing, as in the case of railroads, this is the extent to which courts are authorized to go. Such management, therefore, should in all cases be temporary and limited to the performance of the duty of preservation." Many authorities are cited to support the text. The showing for the appointment of a receiver for the protection of complainant's interest as a creditor is wholly insufficient.

The other grounds are, that the stock is equally divided, between the complainant and Richard Thomas and W. E. Thomas, who act and vote in confederation ; that they can not agree as directors in the management of the business, and can not elect directors, and for this reason a receiver should be appointed to take charge of and operate the business. Whether complainant is to blame, or whether the two Thomases are in fault, does not appear from the averments of the bill. As we have before stated, no fraud is charged. The bill shows a mere disagreement among themselves as to how the business should be operated and managed, and who should control it. No case has been cited, and we have found none nor any principle of law, which would authorize the appointment of a receiver upon such averments. Much less should one be appointed without notice and opportunity to be heard. In many States the courts are not authorized to appoint a receiver until after notice or answer filed ; and though this rule does not prevail with us, we have held in numerous decisions that the power should not be exercised except in cases of extraordinary urgency of

which the courts must be reasonably satisfied either from the circumstances stated or *ex parte* affidavits. There is no aspect in which the case made by the bill can be viewed, which authorized the action of the court in the appointment of a receiver and that without notice. This is the only question before us on this appeal. A decree. will be here rendered, reversing and annulling the order appointing a receiver, and the cause will be remanded.

Reversed, rendered in part and remanded.