# Davidson *v.* Watts Mining Car-Wheel Co. *et al.*

*Bill by Creditors to Set Aside Judgment by Confession; and to Condemn Property Sold Under it.*

1. *Intent to defraud or benefit reserved to debtor avoids convey-*
   *ance.*—If an insolvent corporation conducting a mining busi-
   ness and having a commissary attached, confesses judgment
   in favor of one creditor with the understanding that he is to
   proceed at once to levy on the mules belonging to the corpora-
   tion and on the stock of goods in the commissary, which was
   all the company owned subject to execution, and at the sale
   to buy the property, thus removing from other creditors who
   were pressing their claims all the leviable property of the
   corporation, and to turn the mules over to the company to be
   used in their mining operations, and to give to the company
   a per cent. of the gross sales made to its employés from the
   commissary, and to purchase all the company's output; and
   if in effectuation of this purpose and intent, the understand-
   ing was carried out as agreed on, the transaction, not being

[Davidson v. Watts Mining Car Wheel Co. *et al.*]

the absolute transfer of property in payment of an adequate debt, is void as to other creditors on account of the intent which actuated the parties, and also, without reference to the actual covenous intent, because in it were secret benefits reserved to the debtor.

APPEAL from the City Court of Birmingham.

Heard before the Hon. W. W. WILKERSON.

The Watts Mining Car-Wheel Co. and others brought a bill against T. M. Davidson to set aside a judgment by confession rendered in his favor against the Watts Coal Company, and to condemn the property sold under the execution issued on said judgment, and bought by Davidson. Decree was rendered in favor of complainants who were creditors of the Watts Mining Company. The other facts appear in the opinion.

SMYER & SMYER, for appellant.—Under the proposition of law laid down in *Bell v. Goetter, Weil & Co.* we assert that Sec. 1730 of the Code has no application whatever to a confession of judgment.—*Bell v. Goetter, Weil & Co.*, 106 Ala. 469. (2). Nothing but actual fraud—fraud in fact—is covered by Sec. 1735 of the Code.—*Yund v. Weeks*, 104 Ala. 339. (3). The Watts company had the right to confess to judgment if the debt was *bona fide*, even though by so doing it left itself without means to pay other creditors.—*Carter v. Coleman*, 84 Ala. 358. (4). The agreement to take the output of a company was no injury to creditors as it tended to increase the ability on the part of the Watts company to pay its debts, and hence was not a fraudulent benefit reserved.—*Dickson v. McLarney*, 97 Ala. 383; *Seals v. Robinson*, 75 Ala. 364; *Kerksey v. Snedecor*, 60 Ala. 197; *Rankin v. Vandiver*, 78 Ala. 562; *Steiner v. Parker*, 108 Ala. 365; *Cartwright v. Bamberger*, 90 Ala. 405; *Rice v. Lewis*, 105 Ala. 298.

MONTJOY & TOMLINSON and W. R. HOUGHTON, *contra*, contended, that the facts in evidence showed that the intent in the confession of judgment was to hinder, delay and defraud creditors, and also there were secret benefits reserved; and cited the following authorities, Code, Sec. 1735; *Little Warrior Coal Co. v. Hooper*, 105

[Davidson v. Watts Mining Car Wheel Co. *et al.*]

Ala. 665; 108 Ala. 295; *Comer v. Heidelbach*, 19 So. Rep. 719; *Stevens v. Regenstein*, 99 Ala.; *Page v. Francis*, 97 Ala. 379.

McCLELLAN, C. J.—We experience no difficulty in reaching the conclusion in this case that the Watts Coal & Iron Company, an insolvent corporation, confessed the judgment to Davidson on an understanding between them that the latter should proceed at once to levy upon the mules belonging to the former and the stock of goods in its commissary, sell the property, which was all the company owned subject to execution, buy it in, turn the mules over to the company to be used in its mining operations, carry on the commissary, and allow the company 10 per cent of the gross sales out of it to the company's employés, and purchase all of the company's output. It is clear too that it was the purpose and intent of both parties to get the leviable property of the company in this way out of the reach of other creditors, who were taking steps to subject it to their claims, and at the same time for it still to be used in the company's business. In the effectuation of this purpose and intent, the property was sold under an urgency execution sued out by Davidson and was purchased by him; and the mules were turned over to or retained by the company and continued to be used by it, and Davidson operated the commissary, paying the wages of the company's employés in goods and allowing the company ten per cent upon all sales thus made; and Davidson took all the output of the mines and out of the proceeds thereof reimbursed himself for the remaining 90 per cent of the wages thus paid and for other outlays he made for the company to enable it to carry on its business. On the case thus made there are two infirmities fatal to the integrity of the transaction between Davidson and the Watts Coal & Iron Co.: It was not the absolute transfer of property in payment of an adequate debt, and hence was meretricious on account of the intent which actuated the parties; and in it there were secret benefits reserved to the debtor, and hence it was fraudulent regardless of actual covinous intent.—*Comer v. Heidelbach*, 109 Ala. 220; *Alabama National Bank v.*

*Mary Lee Coal Co.*, 108 Ala. 295; *Little Warrior Coal Co. v. Hooper*, 105 Ala. 665; *Stephens v. Regenstein*, 89 Ala. 561.

    Affirmed.