# Collier *v.* Wertheimer–Schwartz Shoe Co.

*Bill in Equity to set aside Attachment for Fraud.*

1. *Collusive attachment; bill to set aside same.*—Under the provisions of the statute making suits commenced and decrees or judgments suffered with intent to hinder, delay and defraud creditors, void as against such creditor (Code, § 2156), an attachment of an insolvent debtor's goods issued through collusion between himself and the attaching creditors, upon grounds which do not exist, and which they know do not exist, and for the purpose of giving the attaching creditors preference and defrauding the other creditors of the debtor, is void; and a bill filed by the creditors of an insolvent debtor to set aside such attachment, which avers such facts, can be maintained under the statute, (Code, § 818).

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee, the Wertheimer–Swartz Shoe Company, a creditor of M. F. McBryde, against J. M. Collier; and prayed to have set aside and vacated as fraudulent and void an attachment sued out by the appellant, J. M. Collier, against

the said McBryde. The material averments of the bill
are sufficiently stated in the opinion. To this bill the de-
fendant demurred upon the following grounds : 1st. That
said bill of complaint fails to set forth facts constituting
the alleged fraud with sufficient precision and definite-
ness.    2d.    That said bill of complaint fails to allege
that said attachment proceedings were fraudulent.    3d.
That said bill of complaint fails to deny that any one of
the grounds upon which an attachment may legally issue
existed.    4th. That said bill of complaint fails to allege
that ground upon which attachment could legally have
issued, other than the grounds upon which said attach-
ment was issued, did not exist.    5th. Said bill of com-
plaint fails to deny that other grounds, than the grounds
upon which said attachment issued, existed upon which
said attachment could legally have issued.    6th.    Said
bill of complaint fails to allege that said suit of attach-
ment was commenced with the intent to hinder, delay
and defraud the creditors of said M. F. McBryde.

Upon the submission of the cause upon this demurrer,
the chancellor rendered a decree overruling it.    From
this decree the defendant appeals, and assigns the rendi-
tion thereof as error.

W. H. PARKS and W. A. COLLIER, for appellant, cited
*Cartwright v. Bamberger*, 90 Ala. 405; *Rice v. Less*, 105
Ala. 298; *Comer v. Heidelbach*, 109 Ala. 220 ; *Fairfield v.
Baldwin*, 12 Pick. 388; *Page v. Jewett*, 46 N. H. 441;
*Freiberg v. Freiberg*, 74 Texas 122; *Goodbar v. Nat.
Bank*, 78 Texas 461.

C. P. DEYAMPERT, *contra.*—The bill contained equity
and a demurrer was properly overruled.—*Comer v. Hei-
delbach*, 109 Ala. 220 ; *Beall & Coston v. Lehman*, 116
Ala. 446.

HARALSON, J.—1.    The bill in this case avers that
the attachment was sued out by plaintiff against the
defendant in attachment on the statutory ground that
the defendant, "McBryde, has moneys, property or effects
liable to satisfy his debts, which he fraudulently with-

holds; * * * that said ground of attachment did not exist; that the plaintiff knew that there was no probable cause for the issuance of said attachment upon said ground, or on any other ground, or under the statute." It further avers, that the defendant was insolvent, and that the plaintiff and defendant in attachment knowing that there was no ground for said atachment, conspired and agreed together, expressly or impliedly, that said attachment should be sued out and levied, and that they thereby fraudulently and illegally perverted the spirit and purposes of the attachment law in a manner that deprived complainant of the power of making and collecting his debt out of the effects of said McBryde—the defendant in the attachment.

The statute provides that "All conveyances, or assignments in writing of any estate or interest in real or personal property, and every charge upon the same, made with the intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed or defrauded, their heirs, personal representatives and assigns, are void."—Code, § 2156 (1735). In construing this statute it was said by this court: "No one doubts that a writ of attachment, issued collusively betwen creditor and insolvent debtor, for the purpose of giving preference, and with the intent to effect a fraudulent transfer of the debtor's property to the plaintiff in attachment, through the machinery of the attachment process is a void suit within the meaning of section 1735 of the Code. Nor can we see any reason why the suffering such an attachment by the debtor, with like fraudulent intent, is not an 'attempt' to fraudulently transfer the attached property within the meaning of section 3544 of the Code,"—(section 818 of the Code of 1896)— which authorizes a simple contract creditor to file a bill to subject to the payment of his debt any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed

by his debtor.—*Cartwright v. Bamberger,* 90 Ala. 405; *The Planters & M. Bank v. Laucheimer,* 102 Ala. 454; *Rice v. Less,* 105 Ala. 298; *Comer v. Heidelbach,* 109 Ala. 220.

3. If the facts averred in the bill are true, there can remain no doubt that under our own decisions, well supported by reason and authority elsewhere, the deceitful agreement charged against the parties to this attachment proceeding was a fraud perpetrated on the defendant's other creditors; the direct effect of which was to hinder and delay them in the collection of their debt against the defendant. We need not here repeat, in support of the equity of the bill, what has been so fully said in the cases cited above on this subject.

There was no error in overruling the demurrer to the bill.

Affirmed.