# Stern & Co. *v.* Butler & Stevens.

*Statutory Trial of the Right of Property.*

1. *Garnishment; fraudulent attachment; admissibility of evidence.* A judgment creditor can, by garnishment proceedings, subject to the payment of his judgment money in the hands of the sheriff as the proceeds of the sale of a debtor's property under an attachment sued out by another creditor, where the attachment was sued out and judgment was obtained by a fraudulent collusion between the common debtor and the attaching creditor; and in such garnishment suit, testimony that the attachment proceedings were fraudulent is admissible in evidence.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

On the 1st day of February, 1897, Butler & Stevens sued out of the circuit court of Henry county, Alabama, a writ of attachment returnable to said court, and had the same levied by the sheriff on a lot of property belonging to the firm of Nicholson, Blount & Co. The latter firm was insolvent at the time, and the property levied on under said attachment was all the property that they owned that was liable for the satisfaction of their debts. The said Butler & Stevens prosecuted their attachment to judgment on the 13th day of April, 1897, and had the proceeds of the sale of the property levied on in the hands of the sheriff condemned to the satisfaction of their judgment. The plaintiffs, Stern & Co., creditors of the said Nicholson, Blount & Co., obtained judgment against them on the 8th day of April, 1897, and the same day had garnishment issued on their judgment and served on the sheriff. The latter, on the 6th of October, 1897, filed his answer, setting up the fact that he had in his possession the sum of $1,400, the proceeds of the sale of property of Nicholson, Blount & Co., levied on under the writ of attachment in favor of Butler & Stevens, and that the latter claimed the same. Upon the coming in of the answer the attorney for Butler & Stevens appeared and waived notice and subsequently filed and propounded their claim to the money admitted to be in his possession by the sheriff. On the trial of the claim suit the parties appeared by their attorneys and issue was made up as required by law. The judgment of the plaintiffs against Nicholson, Blount & Co. was proven. Plaintiffs also proved that their judgment had not been paid; the answer of the garnishee was introduced in evidence. The affidavit, bond and writ of attachment in the case of Butler & Stevens against the said Nicholson, Blount & Co. and the judgment in that case were also introduced in evidence. The insolvency of Nicholson, Blount & Co. was proved. It was also shown that the property levied on under claimant's attachment was all the property that the defendants owned liable to the payment of their debts; that plaintiff's debt was due and owing at the time of the levy of the attachment; that claimant's debt was also due and owing at the time they sued out their attachment. Plaintiffs then offered to prove by one Har-

ris, the agent of the claimants in the suing out of their attachment, that the same was sued out and levied as the result of an agreement between Butler & Stevens and Nicholson, Blount & Co., in order that the former might acquire a preference or priority over other creditors of the said Nicholson, Blount & Co. in the payment or collection of their debt. The court refused to allow the plaintiffs to make this proof. The plaintiffs excepted to the ruling of the court in not allowing this proof made against the objection of the claimants.

This was all the testimony in the case; and the court, at the request of the claimants, gave the general affirmative charge in their behalf, to the giving of which charge the plaintiffs duly excepted.

There were verdict and judgment in favor of the claimants. The plaintiffs appeal, and assign as error the rulings of the court to which exceptions were reserved.

H. A. PEARCE, for appellants.—The general rule is that the judgment of a court of general jurisdiction cannot be assailed or impeached collaterally. But this rule does not apply to third parties or strangers where the judgment was procured through fraud or collusion of the parties thereto, for the purpose of defrauding third persons. In such cases the party asserting injury may resort to equity, but it is not necessary that he should do so. Freeman on Executions, 136; Freeman on Judg., 334-6; *Moore v. Curry,* 106 Ala. 284; *Yeend v. Weeks,* 104 Ala. 331; *Lawson v. Ala. Warehouse Co.,* 73 Ala. 289; *Picket v. Pipkin,* 64 Ala. 520. Creditor in a garnishment proceeding may show invalidity of the transfer under which the garnishee holds property fraudulently conveyed. *Henry v. Murphy,* 54 Ala. 246; *Price v. Masterson,* 35 Ala. 483; *Alexander v. Pollock,* 72 Ala. 137; *Nicrosi v. Irvine,* 102 Ala. 648; *Archer v. Peoples Sav. Bank,* 88 Ala. 249.

W. W. SANDERS, *contra.*—Equity alone has the power to set aside, restrain or annul, upon the grounds of fraud, collusion, &c., judgments upon attachment, or proceedings in attachment. A court of law has no jurisdiction to do full and complete justice between the parties,

[Stern & Co. v. Butler & Stevens.]

or to formally adjudge a judgment void for fraud or for any other reason, unless it be in a direct proceeding; and upon this, we cite the case of *Cartwright v. Bamberger*, 90 Ala. 405.

TYSON, J.—The appellants, having obtained a judgment against Nicholson, Blount & Co., can resort to the remedy afforded by a writ of garnishment to subject money in the hands of a transferee or grantee of their judgment debtor acquired by such transferee or grantee in actual fraud of their rights as creditors.—*Nicrosi v. Irvine*, 102 Ala. 652; *Henry v. Murphy & Co.*, 54 Ala. 246; *Price v. Masterson*, 33 Ala. 483.

When the plaintiff in attachment by collusion with the insolvent debtor sues out his writ of attachment, obtains a judgment in pursuance of their collusive agreement in which is condemned the effects of the insolvent debtor, this is as effectual a fraud against the rights of the debtor's other creditors denounced by the statute as if the transfer of his property had been made by a conveyance upon a simulated consideration. It is actually fraudulent in securing to the plaintiff in attachment a preference which he is not entitled to, and which the courts will not recognize and enforce.—*Comer v. Heidelbach*, 109 Ala. 220; *First Nat. Bank v. Acme White Lead & Color Co.*, *ante* p. 344.

The money in the hands of the sheriff, which was collected under the judgment rendered in the attachment proceedings instituted by the claimants in this cause, appellees here, was subject to the writ of garnishment sued out by the appellants and served upon the sheriff, if the attachment proceedings under which the appellees asserted their title to the money was fraudulent against the appellants. The judgment in the attachment cause was *coram non judice* as to these appellants, and the trial court erred in not allowing them to introduce evidence that the attachment and judgment thereon was fraudulent as against them as creditors of the insolvent concern, Nicholson, Blount & Co.

The judgment is reversed and the cause remanded.