[Putney & Co. v. Wolberg. *et al.*]

# Putney & Co. *v.* Wolberg *et al.*

*Bill in Equity by Creditor to enjoin Prior Attachment Proceedings as Fraudulent.*

·1. *Right of creditor to maintain bill to enjoin fraudulent attachment; burden of proof; sufficiency of evidence.*—While a creditor of a defendant in attachment can maintain a bill in equity to enjoin and set aside the attachment proceedings, on the ground that the attachment was sued out on an alleged debt which was simulated, and that the attachment suit was in pursuance of a collusion between the parties to the attachment suit, to hinder, delay and defraud the creditors of the defendant in attachment, the burden is upon the complaining creditor to prove the averments of fraud; and in such a suit, where the evidence for the plaintiff tends only to raise suspicion of the fairness and legality of the attachment suit, and the evidence for the defendants is full and clear to the fact that there was a just debt owing the plaintiff in attachment from the defendant in attachment, and the alleged indebtedness was not simulated or in any wise fictitious, and that there was no agreement, understanding or collusion whatever between the parties to the attachment suit, the burden resting upon the complainant in such bill is not discharged, and he is not entitled to relief.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

The appellants, Stephen Putney & Co., filed the bill in this case against Robert Wolberg and Ether Meyrovitz and J. M. Pilcher, as sheriff of Henry county. It was averred in the bill that the defendant, Robert Wolberg, sued out an attachment against E. Meyrovitz and had the same levied upon a stock of goods belonging to the defendant in attachment; that at the time of suing out said attachment complainants were creditors of said Esther Meyrovitch; that there was in fact no indebtedness from Esther .Meyrovitz to the plaintiff in attachment and that said attachment was sued out upon a simulated demand in pursuance of a

prior understanding between the plaintiff and defendant in attachment for the purpose of enabling the said Wolberg to acquire a prior lien over the other creditors of said Esther Meyrovitz, and that the issuance and levy of said attachment was in pursuance of a collusion between the parties thereto to hinder, delay and defraud the creditors of said Esther Meyrovitz.

The prayer of the bill was that plaintiff in attachment be enjoined from the further prosecution of the attachment suit; that the sheriff who levied the attachment be restrained from paying over any money to the plaintiff in attachment, and that the complainants be decreed to have a lien on the goods in the possession of the sheriff, and that said goods be subjected to the payment of the claim of the complainants.

Upon the hearing of the cause upon the pleadings and proof, the chancellor rendered a decree declaring that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeal and assign the rendition thereof as error.

W. C. SWANSON, for appellant.—The claims of appellants antedated the attachment complained of. The *bona fides* of Wolberg's debt being attacked, the *onus* is upon him to prove its value and adequacy as claimed. *Rice v. Less,* 105 Ala. 298; *Robinson v. Moseley,* 93 Ala. 70; *Shepard v. Reeves,* 114 Ala. 281; *Yeend v. Weeks,* 104 Ala. 330.

J. G. COWAN and P. A. McDANIEL, *contra,* cited *Comer v. Heidelbach,* 109 Ala. 220; *Cartwright v. Bamberger,* 90 Ala. 405.

HARALSON, J.—An attachment was sued out by Robert Wolberg, one of the defendants below, against Esther Meyrovitz, which was levied on a stock of goods belonging to her.

The bill assails this attachment on account of fraud, alleging that the debt or demand upon which the attachment is based is simulated in whole or in part, and that the attachment was sued out in pursuance of a

prior understanding between said Wolberg and the said Meyrovitz, for the purpose of enabling said Wolberg to acquire a prior lien over the other creditors of said Meyrovitz; and that the issuance and levy of said attachment was in pursuance of collusion between said parties, to hinder, delay and defraud the creditors of said Meyrovitz, including the complainants.

If either of these specifications of fraud are shown to be true, the attachment, as has been repeatedly held, is void.—*Cartwright v. Bamberger,* 90 Ala. 405; *Comer v. Heidelbach,* 109 Ala. 220; *Gassenheimer v. Kellogg,* 121 Ala. 109.

The answers of the defendants specifically deny these averments of the bill. The evidence shows the amount and maturity of the claim of defendant, Wolberg; that it was justly owing, and not simulated, or in anywise fictitious; and that there was no agreement, understanding or collusion whatever, between him and defendant in attachment touching the suing out of the writ. The evidence of the defendants, on these points, is full and clear in behalf of defendant, Wolberg, while that of complainants, when accorded its fullest significance, tends only to raise suspicions of the fairness and legality of the attachment.

The insistence that the plaintiff in attachment had no just, statutory ground for suing out the attachment is unavailing·in such a procedure. That might be true, and it would not follow, that the debt, the foundation of the writ, was simulated, nor that the process was sued out in pursuance of collusion between plaintiff and defendant, such as is charged in the bill. Without the existence of one or the other, or both of these, there can be no equity in the bill. Authorities *supra; Builders & P. S. Co. v. First Nat. B. of Montgomery,* 123 Ala. 203.

We find no error in the decree of the court, and it is affirmed.

Affirmed.