# Butler & Stevens v. Feeder *et al.*

*Statutory Trial of the Right of Property.*

1. *Garnishment; admissibility of evidence in claim suit.*—Where a creditor, after recovering a judgment against his debtor sues out a writ of garnishment, which is served upon the sheriff, who has in his possession the proceeds arising from the sale of the stock of goods of the debtor, under the levy of an attachment sued out by another creditor, and the attaching creditor interposes a claim to the money in the hands of the sheriff, in the trial of the right of property arising from the interposition of such claim, the answer of the garnishee is admissible in evidence.

2. *Same; same.*—In such a suit, evidence that the husband of one of the debtors asked the officer levying the attachment for permission to take out of the stock of goods attached a small sup-

[Butler & Stevens v. Feeder, et al.]

ply of provisions and food as he did not have any at home, is irrelevant to any issue involved in the case and is inadmissible.

3. *Same; same.*—In such a case, where the attachment of the claimants is assailed by the plaintiff on the ground of collusion between them and the common debtor, which was shown to be a partnership, evidence that one of the debtor partners went to a distant State where the attaching creditor lived, and upon his return therefrom on the morning of the day the attachment was sued out, he went to the residence of the attaching creditor's ˙attorney and he requested the witness testifying not to tell the husband of one of the members of the partnership that he had been to see the attorney of the attaching creditor, is relevant and admissible in evidence.

4. *Same; same.*—In such a case, where it is shown that after suing out the garnishment by the plaintiffs and the service of it upon the sheriff, the common debtor of the garnishee and the attaching creditor executed and filed a bond to dissolve the garnishment, and thereupon the money held by the sheriff was paid to the attorney of the attaching creditors, who were the claimants in the pending suit, and was by him sent to the claimants, and that the claimants procured the sureties to go upon said bond by indemnifying them, such bond is admissible in evidence.

5. *Collusive attachment; void as against other creditors.*—An attachment sued out and issued collusively between the creditor and debtor for the purpose of giving the attaching creditor a preference over other creditors and with the intent to effect a fraudulent transfer of the debtor's property to the plaintiff in attachment, is void as against the other creditors of the debtor, within the meaning of the statute declaring "any suit commenced, decree or judgment suffered," with intent to defraud creditors shall be void (Code, § 2156); and this is true whether the debtor be insolvent or not.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The parties to this suit were creditors of the firm of Nicholson, Blount & Co., a mercantie house doing business in the town of Dothan, Ala., on the 1st day of February, 1897, on which date the appellants sued out a writ of attachment against the said Nicholson, Blount & Co., returnable to the next term of the circuit court of Henry county, Alabama, which was executed by seizing the stock of goods of the said debtors; and they recov-

ered judgment in such suit at the next term of the said court. At the same term of the court the appellees recovered judgment against the said Nicholson, Blount & Co., and the goods seized by the sheriff under the writ in favor of the appellants having been sold by the sheriff, and the proceeds of such sale being in his hands, the appellees sued out a writ of garnishment and had the same served on the sheriff; the answer of the sheriff admitted having funds in his hands, the proceeds of the sale of the goods levied on as aforesaid, and suggested the appellants as claimants, and they came in and propounded their claim to the money admitted to be in the garnishee's hands.

On the trial of the case, it was shown that the debt of appellees antedated the suing out of the attachment by the appellants, the suing out the writ of garnishment and the service of the same on the garnishee, and that the garnishee had in his possession the sum of $1,400 subject to the attachment of the appellants if entitled to it; that the debtors, Nicholson, Blount & Co., were insolvent at the time of the suing out of the attachment by appellants. The tendency of the evidence for plaintiffs was that the suing out of the attachment by the claimants was the result of an agreement between the defendants in attachment and the claimants to enable them to secure a preference over other creditors of the said Nicholson, Blount & Co. There was evidence for claimants tending to show the debt of claimants was just and unpaid at the date of suing out their attachment. The other facts of the case necessary for an understanding of the decision on the present appeal are stated in the opinion.

The court at the request of the plaintiffs, gave to the jury the following written charge: "If the jury believe that the attachment of Butler & Stevens was sued out against the firm of Nicholson, Blount & Co. as the result of an agreement or understanding with W. T. Nicholson, by which Butler & Stevens were to sue out the same and have it levied upon the property of Nicholson, Blount & Co., and thereby acquire a prior lien upon the property of the latter over other creditors of said

Nicholson, Blount & Co., then their verdict will be for plaintiffs."

The claimants duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by them : (1.) "If the jury believe the evidence, they will find for the claimants." (A.) "The court charges the jury that although they may find from the evidence that claimants and Nicholson, Blount & Co. conspired and colluded with fraudulent purpose and intent to hinder, delay and defraud other creditors of Nicholson, Blount & Company in the suing out of an attachment and levying the same upon the goods of Nicholson, Blount & Company, and prosecuting the same to judgment and condemnation of said property, still they must find for the claimants in this case if they shall believe from all the testimony in the case that the debt upon which said attachment suit was founded was *bona fide*, and that there was no reservation of interest or benefit in the attached property to Nicholson, Blount & Company, and that there were grounds existing for the suing out of said attachment." (B.) "The court charges the jury that the suing out of the attachment by claimants against Nicholson, Blount & Company and the prosecution of the same to judgment and condemnation of the property levied upon, can not be a fraud upon plaintiff, entitling him to recover in this case, unless they shall believe from all the evidence that the debt upon which said attachment suit was founded was simulated and fictitious and that there was a reservation of interest in the proceeds of said attachment suit to the benefit of Nicholson, Blount & Company, and that at the time of the suing out of said attachment suit said Nicholson, Blount & Company were in failing circumstances or insolvent." (C.) "The court charges the jury that the plaintiffs can not recover at all in this case, unless they shall find from the evidence that Nicholson, Blount & Company was insolvent or in failing circumstances at the time of the suing out of the attachment suit by claimants against said Nicholson, Blount & Company." (D.) "The court charges the jury that the title to the $1,400 claimed by Butler & Stevens in this case is good,

and that they must find the issue in favor of the claimants, if they shall find from the evidence that the debt due from Nicholson, Blount & Company to claimants was *bona fide* and that there was no agreement between claimants and them for a reservation of interest to Nicholson, Blount & Company in the proceeds of the attachment suit by claimants against the said Nicholson, Blount & Company and that grounds for suing out said attachment existed at the time of suing it out." (F.) "The court charges the jury that they must find for the claimant if they believe from the evidence that the debt due from Nicholson, Blount & Company to claimants was not simulated or fictitious, that one of the statutory grounds for suing out an attachment existed at the time claimants sued out their attachment against Nicholson, Blount & Company, and that there was no reservation of interest or benefit to the latter in the proceeds of the attached property, although they may further find from the testimony that Butler and Stevens, at the time of the suing out of said attachment suit, held mortgages and collateral notes to secure said debt." (G.) "The court charges the jury that no evidence has been adduced in this case upon which they may infer that Nicholson, Blount & Company was insolvent or in failing circumstances at the time of the suing out of the attachment by claimants against them." (H.) "If the jury believe from the evidence that the debt upon which the attachment in question was issued, was just, and that legal grounds for an attachment existed at that time, and that no benefit was reserved to Nicholson, Blount & Company or agreed to be reserved, the verdict must be for the claimants." (I.) "If the jury believe from the evidence that the debt upon which the attachment of Butler & Stevens was issued, was justly due, and that Nicholson, Blount & Company had, just a few days prior to the issuance of the attachment, made a fraudulent disposition of a portion of their property, and that this fact was known to Butler & Stevens when the attachment was issued, and that there was no benefit to Nicholson, Blount & Company to accrue from the issue and levy of the attachment, then the

[Butler & Stevens v. Feeder, *et al.*]

verdict must be for the claimants, although the jury may believe from the evidence that Nicholson, Blount & Comapny consented to or procured the issuance of the attachment." (J.) "If the jury believe from the evidence that just prior to the suing out of the attachment of claimants versus Nicholson, Blount & Company, the latter had been fraudulently disposing of their goods, that the debt due from them to claimants was not fictitious or simulated, and that there was no reservation of interest or benefit to Nicholson, Blount & Company in the proceeds of attachment, then they must find for the claimants, although they may further find that claimants and Nicholson, Blount & Company colluded and conspired to the suing out of said attachment and prosecution of the same to judgment and condemnation of the attached property." · (K.) "If the jury believe from the evidence that at the time the attachment was sued out and levied, there was a good ground for the attachment, and that the debt of Butler & Stevens against Nicholson, Blount & Company was *bona fide* and genuine and that no benefit to Nicholson, Blount & Company was reserved in the attached property, or its proceeds, then the claimants are entitled to recover although Nicholson, Blount & Company may have procured or invited the attachment."

There were verdict and judgment for the plaintiffs. The claimants made a motion for a new trial on the ground that the verdict of the jury was contrary to the evidence introduced on the trial of the case. The court overruled this motion, and to this ruling the claimants duly excepted. The claimants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

W. W. SANDERS, for appellant, cited *White v. Kahn*, 103 Ala. 308; *Hurst v. Ins. Co.*, 81 Ala. 174; *Stern v. Butler & Stevens*, 123 Ala. 606; *Cobb v. Malone*, 92 Ala. 630; *Davis v. Miller*, 109 Ala. 580; *Hurst v. O'Neal*, 108 Ala. 260.

H. A. PEARCE and ESPY, FARMER & ESPY, *contra*, cited *First Nat. Bank v. Acme, Etc. Co.*, 123 Ala. 344;

*Henderson v. Brown*, 28 So. Rep. 79; *Stern v. Butler & Stevens*, 123 Ala. 606.

HARALSON, J.—1.  After introducing their judgment against the defendants in attachment, Nicholson, Blount & Co., and proving that at the time the attachment was issued and levied, said defendants were indebted to them in the amount sued for, and for which judgment was rendered, plaintiffs offered in evidence their affidavit for garnishment, the writ of garnishment and the answer of the garnishee.  The claimants objected to the introduction of the answer of the garnishee, as being immaterial, illegal and irrelevant, which objection was overruled.  The answer was subject to neither of these objections.  It was a part of the proceedings in the cause, and the very basis upon which they rested.

2.  T. L. Bryan, the deputy sheriff who levied on and took possession of the property, when being examined as a witness for plaintiffs, was asked on cross-examination by claimants, if H. A. Blount did not ask his permission "To take out of the stock of goods you were about to levy upon, a small supply of provisions and food, and that in connection with this request, that Blount told you that he did not have in his house any provisions or table supplies at all?"  What relevancy to the issues this fact, if true, had, either to benefit or prejudice the claimants, we do not understand.  Blount was not a party to the suit, and was the husband of one of the partners of Nicholson, Blount & Co.  The evidence was entirely irrelevant, and objection to it was properly sustained.

3.  The witness, Bostick, testified that Nicholson, one of the defendants in attachment, left Dothan, stating that he was going to Savannah, Ga., where the claimants lived, and that early Monday morning following, the day claimants' attachment against Nicholson, Blount & Co. was sued out, and after his return from Savannah, as the proof showed, witness saw said Nicholson entering the front yard of B. I. Moody, the attorney of claimants who sued out the alleged collusive

[Butler & Stevens v. Feeder, *et al.*]

attachment against said firm, and that said Nicholson requested witness not to tell H. A. Blount, that he, Nicholson, went to see Moody or went in Moody's house. There appears to have been no objection to this evidence as it was brought out. The claimants afterwards objected to that portion of the testimony of the witness respecting his conversation, as it is stated, with Nicholson, and moved the court to exclude it, because it was illegal and irrelevant, hearsay, and because it was not shown that claimants were present. The motion was overruled. Passing the suggestion, that the claimants waived their objections by not insisting on them in time, the evidence was not illegal nor irrelevant. The attachment of claimants is assailed by plaintiffs, on the ground of collusion between them and Nicholson, to have the same issued to hinder, delay and defraud plaintiffs and the other creditors of said firm, and there was evidence tending to prove that fact. All that Nicholson and the claimants said or did, at or about the time, as tending to prove this material issue was pertinent to the trial. It was shown, that Nicholson visited claimants in Savannah, returned to Dothan with Harris, their agent, and immediately the attachment was sued out by claimants, through Moody, their attorney. Certainly the visit of Nicholson to the attorney's house, early in the morning of the day the attachment was sued out and levied, and that Nicholson requested witness not to speak to Blount about this visit, was pertinent.

4. It was shown, that on the 29th of June, 1897, Nicholson, Blount & Co. executed and filed a bond with the clerk of the court to dissolve the garnishment, which was approved the following day, and the $1,400 garnished was paid to Moody, claimant's attorney, who sent the money to them, and that claimants procured sureties to go on said bond, by indemnifying them. The claimants objected to the introduction of this bond in evidence, for that it was illegal and incompetent evidence, and the bond did not tend to prove fraud or collusion in said attachment, "occurring as it did long after, instead of prior to, or at the time the attachment was issued." It is not perceived, how the bond could have

been executed prior to the issuance of the attachment it was given to dissolve; the objection, that its execution did not tend to show fraud or collusion, because its execution was long after, instead of at the time the attachment was issued, seems to admit, that if it had been made at the time the attachment was issued,—a performance it would seem to have been impracticable, —it would have evidenced fraud and collusion.   The evidence was not subject to the objections made.

5.   There was evidence on the part of plaintiffs tending to show the fraudulent and collusive issue of claimants' attachment; and, on the other hand, the evidence of claimants, for the most part, tended to show that there was no fraud or collusion.   There was also, if that were important, evidence tending   to   show the insolvency and failing condition of defendants in attachment.

It is well settled, "that a writ of attachment issued collusively between creditor and insolvent debtor, for the purpose of giving preference, and with intent to effect a fraudulent transfer of the debtor's property to the plaintiff in attachment, through the machinery of the attachment process, is a void suit or proceeding within the meaning of section 2156 (1735) of the Code." *Cartright v. Bamberger*, 90 Ala. 405, 407; *Comer v. Heidelbach*, 109 Ala. 220; *Gassenheimer v. Kellogg*, 121 Ala. 109; *Collier v. Wertheimer Shoe Co.*, 122 Ala. 320; *Rice v. Eiseman*, 122 Ala. 343; *First Nat. Bank v. Acme White Lead & Color Co.*, 123 Ala. 344; *Stern v. Butler & Stevens*, 123 Ala. 606.

In order to effect a collusive attachment such as the statute avoids, it is not required that a contesting creditor shall show that the defendant in attachment was insolvent or in failing circumstances.   The statute makes no such condition.

There was no error in giving the charge requested by the plaintiff.

The several charges requested by claimants were, under our rulings, properly refused.

We are not prepared to say, that under the evidence, the lower court erred in overruling the motion for a . new trial.

Affirmed.