# Meyrovitz *et al. v.* Glaser, Kuder & Ottensosser, *et al.*

*Bill in Equity to Set Aside Fraudulent Attachments.*

(Decided January 14, 1902.)

1. *Bill to set aside attachments for fraud; burden of proof.* Under such bill, the fraud and collusion being denied by respondent's answer, the burden rests upon complainants to prove these allegations by satisfactory evidence.

2. *Same; when relief will not be granted; suspicious circumstances.*—Where attachments are sued out under circumstances which, unexplained, might arouse suspicion, but

[Meyrovitz *et al.* v. Glaser, Kuder & Ottensosser, *et al.*]

which are not wholly inconsistent with fair dealing and honesty
when explained, and respondents' answers to the bill and their
testimony expressly deny that there was any fraud or collus-
ion between them and the common debtor, or any agreement
whatever with the debtor when the attachments were sued
out,—the attachments will not be set aside as fraudulent, on
bill filed by creditors for that purpose.

3. *Bill to set aside attachment for fraud; fact that there was no
ground for attachment no ground for equitable relief.*—The
fact that no ground existed for suing out an attachment,
though a wrong against the debtor, does not furnish any
equitable ground of relief to creditors by way of a common
creditors' bill.

APPEAL from Barbour Chancery Court.
Heard before Hon. W. L. PARKS.

The bill was filed by Glaser, Kuder & Ottensosser and
other creditors of J. Meyrovitz against him and certain
attaching creditors, and sought to set aside the attach-
ments as fraudulent and collusive. From a decree for
complainants defendants appeal.

G. L. COMER, for appellants, cited 65 Ala. 572; 78
Ala. 491; 114 Ala. 506; 26 So. Rep. 311; 28 So. Rep.
527; 176 U. S. 98, 189.

A. H. MERRILL and HARMON, DENT & WEIL, *contra.*

DOWDELL, J.—This was a bill by certain creditors
of J. Meyrovitz, the common debtor, and was filed for
the purpose of setting aside certain attachments sued
out by other creditors of said debtor as being fraudu-
lent and collusive. The answers of the respondents ex-
pressly and unequivocally deny the allegations of fraud
and collusion. The cause was heard on the pleadings
and evidence, and a final decree was rendered in favor
of the complainants, and from this decree the present
appeal is prosecuted.

The indebtedness from the common debtor to the at-
taching creditors is not denied by complainants, but on
the contrary the same is admitted. The fraud and col-
lusion charged in complainants' bill being denied in the

answers of the several respondents, the burden of proof rests upon the complainants to make out and establish these allegations by satisfactory evidence.  The complainants in the present case, in discharge of this duty as to burden of proof, insist that the circumstances attending the suing out of the attachments are sufficient to produce a satisfactory conclusion that the same were collusive and fraudulent.  The only testimony aduced was that of the respondents, who were sworn and examined in the case at the instance of complainants.  The evidence of these several witnesses expressly denies that there was any fraud and collusion on the part of the respondents with the common debtor, Meyrovitz, in the suing out of said attachments.  It was denied by them that there was any understanding or agreement whatever with the said debtor when said attachments were sued out.  The circumstances attending the suing out of such attachments, which complainants rely upon as evidence of fraud and collusion, are doubtless sufficient to arouse suspicion of fraud and collusion when left to themselves and unexplained.  Circumstances however suspicious, which are not wholly inconsistent with fair dealing and honesty when explained are not sufficient as evidence to authorize a conviction for fraud.  The testimony on the part of the respondents, and that is the evidence of the respondents themselves who were sworn and examined at the instance of the complainants, expressly denied any agreement, understanding or collusion whatever between them and the defendant in attachment, touching the suing out of said writs, and we think the testimony of these witnesses, especially that of the witness Comer, very satisfactorily explains the circumstances which, in themselves, unexplained, might otherwise arouse suspicion, and show the same to be consistent with honesty and fairness.  We are unable to find any more in this case than what might be said to commonly attend such cases when there is a race of diligence.  The fact that no ground existed, if such be a fact, for suing out of the attachments was a wrong against the common debtor, but not such as to furnish any equitable ground for relief to the complainants by way of a common creditors' bill.  As the decree of the

[Meyrovitz *et al.* v. Glaser, Kuder & Ottensosser, *et al.*]

chancellor is not accompanied by any opinion expressive of his views, we are unable to see upon what grounds he based the decree granting relief to the complainants. Under section 3826 of the Code, subdivision one, "No weight can be given to the decision of the chancellor upon the facts, but this court must weigh the evidence and give judgment as it deems just." When all of the circumstances attending the suing out of the attachments relied upon by complainants as tending to show collusion and fraud are taken in connection with the express denials in the answers to such averments, and the testimony of the witnesses, which likewise expressly denies that there was any understanding or agreement between the attaching creditors and the defendant debtor, as to the suing out of said attachments and the further explanation of such circumstances, showing their consistency with honesty and fairness, we are clearly of the opinion that the complainants have failed to sustain the allegations of their bill. The following cases fully sustain the views which we have expressed above: *Adams v. Thornton & Welborn,* 78 Ala. 489; *Warren & Co. v. Hunt et al.,* 114 Ala. 506; *Builders and Painters Supply Co. et al. v. Wooden Ware Co..* 28 So. Rep 527; *H. B. Chaflin Co. et al. v. Muscogee Mfg. Co. et al.,* 127 Ala. 376; *Putney et al. v. Walbury,* 127 Ala. 124.

This view of the case renders it unnecessary to consider the question raised as to the discharge in bankruptcy of the said Meyrovitz, or what effect the said discharge had upon the proceedings in this case. The decree of the chancellor must be reversed, and a decree will be here rendered dismissing complainants' bill.